106 F.3d 442
 323 U.S.App.D.C. 173
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
FIRST HEALTH CARE CORP., Winship Green Nursing Center, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
International Association Of Machinists and Aerospace
Workers, AFL-CIO, Intervenor.
 No. 96-1075.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 12, 1996.
Rehearing Denied Jan. 27, 1997.
 
 Before SILBERMAN, WILLIAMS and GINSBURG, Circuit Judges.
 
 JUDGMENT
 
 1
 This petition for review and the cross-application for enforcement were considered on the record from the National Labor Relations Board and on the briefs and arguments of counsel. The court is satisfied that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Petitioner argues primarily that the Board erred in failing to follow Mid-Jefferson County Hospital, 259 NLRB 831, 1981-82 NLRB Dec. (CCH) p 18,563 (Dec. 29, 1981), which petitioner reads as holding that the phrase "regularly scheduled part-time employees," used in a stipulation on the scope of the bargaining unit, was unambiguous, precluding the Board's inquiry into extrinsic evidence demonstrating the intent of the parties and its community of interest analysis. The argument misfires. The Board here in fact applied Mid-Jefferson 's concept of what "regularly scheduled part-time employees" are. In Mid-Jefferson, in interpreting a stipulation including in the unit "regularly scheduled part-time employees," the Board said:
 
 
 3
 [T]he record indicates that the employees in question regularly receive a schedule of when they are to work for at least some of their hours. The fact that they may refuse to work the scheduled hours or may be called in to work on days they are not scheduled does not outweigh the fact that a portion of their hours are worked according to a schedule.
 
 
 4
 1981-82 NLRB Dec. (CCH) p 18,563 at 30,073 n. 3.
 
 
 5
 Here the Board noted that "the Employer circulates on a monthly basis a master schedule to the on-call employees, who select in advance the open time periods they wish to work." First Health Care Corp., No. 1-RC-20144, n. 1 (May 30, 1995) [J.A. 694]. The Board found that at least some of the nursing assistants' hours were scheduled and concluded that therefore they came within the language of the stipulation agreement. However questionable the interpretation of "regularly scheduled" set forth in footnote 3 of Mid-Jefferson may be, the petitioner has not here attacked that construction, but rather has (erroneously) attacked the Board for failure to follow Mid-Jefferson. In this context then, we find no error in the Board's finding that the stipulation agreement included the five on-call nursing assistants.
 
 
 6
 Petitioner also, anomalously, attacks the Board for failure to set the stipulation aside as in violation of Board policy. Since petitioner has not shown how it would benefit from our finding error in the Board's failure to do so, it has no standing to raise the claim.
 
 
 7
 For the reasons stated above, it is ORDERED and ADJUDGED that the petition for review be DENIED and the cross-application for enforcement be GRANTED.
 
 
 8
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a).